## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **DREBA R. JOHNSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-502-O-BP** |
| | § | |
| **ST. GABRIEL'S HOSPICE** | § | |
| **AND PALLIATIVE CARE,** | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Dreba R. Johnson ("Johnson") sued Defendant St. Gabriel's Hospice & Palliative Care on May 30, 2024. ECF No. 1. The case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 6. The next day, the Court granted Johnson's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2), subject to judicial screening under 28 U.S.C. § 1915. ECF No. 8.

On June 4, 2024, the Court found Johnson's complaint to be deficient because it does not meet the basic pleading requirements of Federal Rule of Civil Procedure 8(a). ECF No. 9. The Court ordered Johnson to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Civil Rules on or before June 25, 2024. *Id.* The Court warned Johnson that "failure to fully comply with this Order" could result in a recommendation that United States District Judge Reed O'Connor dismiss her case without further notice under Federal Rule of Civil Procedure 41(b). *Id.*

Johnson did not comply with the Court's June 4 Order (ECF No. 9). On July 1, 2024, the Court ordered Johnson to show cause why she did not do so and why the undersigned "should not

recommend dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with a Court order on or before July 18, 2024." ECF No. 11. The Court also sua sponte extended Johnson's deadline to file an amended complaint to July 18 and informed Johnson that doing so would obviate the need for showing cause. *Id.* To date, Johnson has not filed an amended complaint, complied with the Court's orders, or submitted any other pleading explaining her delay.

District courts may dismiss an action *sua sponte* for failure to prosecute or follow court orders. *See* Fed. R. Civ. P. 41(b). This authority flows from a court's inherent power to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). But dismissals with prejudice for want of prosecution are considered an extreme sanction. *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Id.*

Despite two clear warnings that noncompliance could result in dismissal of her case under Federal Rule of Civil Procedure 41(b), Johnson did not comply with the Court's orders or file a pleading to explain her delay. Absent compliance with the Court's orders, this case cannot proceed. Because nothing indicates Johnson's noncompliance stems from purposeful delay or contumaciousness, a dismissal without prejudice is warranted. *Long*, 77 F.3d at 880. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties

in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc) modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on July 31, 2024.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3